CITY OF HARRODSBURG, Kentucky; Lonnie Campbell, individually and as Commissioner of the City of Harrodsburg; Joe Hood, individually and as Commissioner of the City of Harrodsburg; Jack Springate, individually and as Commissioner of the City of Harrodsburg; Lorene Hembree; and Ernst R. Kelty, Jr., Appellants,

v.

Jerry ROYALTY and Mayor Carol Dean Walters, Appellees.

No. 2000–SC–0396–I.

Supreme Court of Kentucky.

April 25, 2002.

Michael P. Casey, Susan L. Maines, Kaplan Law Office, Lexington, for appellants, City of Harrodsburg, Kentucky; Lonnie Campbell, individually and as Commissioner of the City of Harrodsburg; Joe Hood, individually and as Commissioner of the City of Harrodsburg; Jack Springate, individually and as Commissioner of the City of Harrodsburg; Lorene Hembree; and Ernst R. Kelty, Jr.

Richard Clay, Clay & Clay, Danville, for appellee, Jerry Royalty.

Kent Masterson Brown, Christopher J. Shaughnessy, Law Offices of Kent Masterson Brown, Lexington, for appellee, Carol Dean Walters, Mayor.

STUMBO, Justice.

The City of Harrodsburg sought review by this Court of an order of the Court of Appeals which granted CR 65.07 relief in the form of an injunction prohibiting certain votes in the City Commission on charges of misconduct brought against the Mayor and a member of the Commission, Commissioner Royalty. Following a number of disputes between the Mayor and the majority of the Commission, charges were instituted against the Mayor and Commissioner Royalty. The charges were styled as joint thereby preventing the Mayor and Royalty from voting on the other's charge. The Court of Appeals held that each individual defendant could vote on the charges as they related to the other. We affirm.

This matter arose from two sets of complaints filed against Mayor Carol Walters and Commissioner Jerry Royalty. The City Commission held an evidentiary hearing and, following a discussion at a subsequent meeting, drafted a complaint containing seven separate charges against the Mayor and Commissioner jointly, two against Commissioner Royalty alone and one against just the Mayor. The Commission also voted to hold a hearing pursuant to KRS 83A.040(9) for the purpose of de-

termining if the charges were true and if so, if the charges warranted removal from office.

The Commission scheduled a hearing at which disciplinary actions against both the Mayor and Commissioner Royalty were to be addressed. It was the Commission's plan that if a majority of the remainder of the Commission decided that the Mayor and Commissioner Royalty acted jointly, as to each individual charge, then each would be precluded from voting on the identical charge against the other. That decision was said to be based upon an interpretation of KRS 83A.040(9) which states in relevant portion as follows:

> ... any elected officer, in case of misconduct, incapacity, or willful neglect in the performance of the duties of his office, may be removed from office by a unanimous vote of the members of the legislative body exclusive of any member to be removed, who shall not vote in the deliberation of his removal.

It was the contention of the Mayor and Commissioner that the joinder of the seven charges was a tactical move by the remainder of the Commission designed to ensure that the formal charges would result in the removal of both. By joining the charges, neither one would be eligible to vote on the charges, thus permitting a minority faction to remove members of the Commission.

The Commission responds that the scenario feared by the Mayor and Commissioner are prevented by the requirements of KRS 61.805(3), which provides that in order for a city commission to take an action, there must first be a majority vote. "Action taken" is defined therein as "a collective decision ... or an actual vote by a majority of the members of the governmental body." Therefore, the Commission reasons, the decision to bring charges of official misconduct must have a majority vote and no single member or minority faction of a commission could take action and bring charges against the remaining members. In fact, that provision controlled when the charges were first voted upon.

The Commission's argument is correct so far as it goes. It is true that the initialization of the charges was accomplished with the charged parties voting against them. At that time each could vote separately as permitted by law and a simple majority was all that was required. However, removal votes must be unanimous, with the exception of the charged member, which guarantees that by jointly bringing charges, a faction of the commission can eliminate a rival faction simply by joining the charges against the members of the disfavored faction.

For the reasons set forth herein, we affirm the opinion of the Court of Appeals.

All concur.